CHICAGO, B. & Q. R. CO. v. DAWSON et al. *

(Circuit Court of Appeals, Eighth Circuit.   September 5, 1917.)

No. 4798.

1. JUDGMENT ⬧⟹597—SPLITTING CAUSE OF ACTION—WHAT CONSTITUTES.
   Plaintiffs' right of action as copartners, for destruction of their personal property by fire negligently set out by defendants' locomotive, is not identical with plaintiffs' right of action as tenants in common of varying interests, for injuries to their realty resulting from the same fire; and hence plaintiffs' recovery in an action for injuries to the realty will not, on the theory that they split a single cause of action, prevent subsequent recovery for destruction of their personalty.

2. JUDGMENT ⬧⟹572(2)—CONCLUSIVENESS—WHAT CONSTITUTES.
   Plaintiffs, who were copartners and tenants in common of varying interests owned realty, filed in the state court two suits for damages resulting from a fire negligently set out by defendant railroad company, one to recover for the destruction of the personal property, and the other for injuries to plaintiffs' realty.   The action for destruction of personal property was removed to the federal court, and, the one for injuries to real property not being removed, plaintiffs had judgment for damages. After such judgment, plaintiffs sought to obviate the necessity of proof of the cause of the fire by amending their petition in the action for destruction of personalty, which was removed to the federal court.   A demurrer was sustained to the amended petition, which alleged that the parties to the action in the state court were identical with those in the federal court, though the two causes of action were distinct; that the same fire and cause thereof, and defendants' liability, and the same facts, were involved, except the ownership and destruction of the personalty, and plaintiffs' damage; that such facts, aside from the exception, had become res judicata, and were binding by the judgment in the state court; and that defendant was estopped to deny the matters so determined.   One of the grounds of the demurrer attacked the petition on the theory that plaintiffs, having split the single cause of action, could not recover a second judgment therefor.   Held, that the sustaining of the demurrer to the amended petition was not a conclusive adjudication that a first cause of action had been split, but left plaintiffs free to file an amended petition.

3. APPEAL AND ERROR ⬧⟹1002—REVIEW—VERDICT.
   A verdict on conflicting evidence will not be disturbed on writ of error.

In Error to the District Court of the United States for the Eastern District of Missouri;   David P. Dyer, Judge.

Action by Cecil Dawson and J. W. Settle, copartners as Dawson & Settle, against the Chicago, Burlington & Quincy Railroad Company. There was a judgment for plaintiffs, and defendant brings error.   Affirmed.

M. G. Roberts, of St. Joseph, Mo., and George A. Mahan, of Hannibal, Mo. (O. M. Spencer, of St. Joseph, Mo., on the brief), for plaintiff in error.

Charles T. Hays, of Hannibal, Mo., and J. P. Boyd, of Paris, Mo. (Roy B. Meriwether, of Monroe City, Mo., and Berryman Henwood, of Hannibal, Mo., on the brief), for defendants in error.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

⬧⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied November 7, 1917.

STONE, Circuit Judge. Writ of error by defendants below from recovery of damages caused by burning of contents of blacksmith shop by fire alleged to have been started from passing locomotive.

Two suits were filed in the state court for damages occasioned by this fire. One for injury to the realty, for $2,990; the other, this action, for injury to personalty, for $15,000. The realty case, filed two days prior to this suit, resulted in judgment for the plaintiff, was appealed by the company, and since the submission of this case has been affirmed by the state Court of Appeals (193 S. W. 43). The present case was removed and tried after judgment in the state trial court in the other cause.

The railroad company here urges: (a) That the plaintiffs, having brought two actions for different elements of damage caused by the same fire, have fallen within the rule prohibiting splitting of causes of action, and therefore can recover only the amount sought and put in judgment in the realty case which was first filed and first tried; and, (b) that there was no substantial testimony that its locomotive caused the fire.

[1] (a) For the protection of litigants and of courts, the law wisely requires that there be sought in one suit all damages arising out of a single cause of action. To enforce this requirement but a single recovery is permitted, where only one cause of action exists. The test of a claimed violation of the rule is whether the suits are the same or different causes of action, and this is determined by legal identity or difference in the parties, the theory of liability, and the necessary evidence. The realty suit was brought by Cecil Dawson and J. W. Settle as tenants in common (undivided one-third and two-thirds) of a lot and building thereon, for destruction of the building; the instant suit was by the same persons as copartners conducting a blacksmith business in the above building for loss of partnership tools, machinery, equipment, and materials located therein. While the same individuals brought both actions, in each they appeared and based their right of recovery upon a stated legal status or relationship toward the burned property. That status was a material link in the pleading and the proof. It was different in the pleading, and each suit required proof which had nothing in common with the other in this respect. One was a tenancy in common in unequal parts of real estate; the other was partnership ownership in apparently equal portions. There is nothing in common, and therefore no identity in the two relationships. This conclusion is emphasized by another consideration. The judgment in the realty case was the individual property (one-third and two-thirds) of each of the plaintiffs, and might be subject to exemptions if levied on by judgment creditors of either of the plaintiffs; while the judgment in this case is partnership property, entitled to no exemptions. There is a failure of that identity of parties and proof necessary to identity of cause of action; hence no splitting of a single cause of action.

[2] The company contends that this point of the splitting of the cause of action had become res adjudicata through the sustenance of a demurrer to the first amended petition. After the judgment in the state trial court in the realty suit the plaintiffs sought to obviate proof

in this case of the cause of the fire by amending their petition. This amendment, after describing the realty suit and the judgment therein, continued as follows:

"Plaintiffs state that the parties to said cause in said state courts are identically the same as the parties in this cause, but that said two causes of action are distinct; that the same fire, and the cause thereof, and defendant's liability therefor, and the same facts and issues there involved, save and except the ownership and destruction of the machinery, tools, equipments aforesaid, and the amount of plaintiffs' damage resulting from such destruction thereof, are involved in the case here at bar; that said facts and issues, aside from the exception aforesaid, have become and are res adjudicata and binding upon the parties herein by reason of said proceedings in said state court, that court having then and there full, complete, and general jurisdiction in that behalf of said parties and of said cause of action so determined as aforesaid; and that said defendant is by reason of the premises estopped to deny or in any manner controvert any of said facts and issues so determined as aforesaid in said state court, both of said causes of action depending upon identically the same evidence and proof, save as to the ownership of said tools, machinery, equipments, and materials and the amount of damages resulting from the destruction thereof."

To this petition defendant filed its demurrer upon five grounds, which may be summarized as insufficient statement of facts to constitute cause of action and split cause of action. This demurrer was sustained generally. Whereupon plaintiff filed a second amended petition, omitting all reference to the realty suit. To this petition defendant ultimately filed an amended answer, inter alia, pleading split cause of action, and, based upon the above demurrer ruling, res adjudicata. Plaintiffs replied, admitting filing and facts of realty suit, and saying:

"Admit that the parties to this cause are the same persons and corporation as the parties to the action for damage to the buildings tried in said Monroe court. But plaintiffs aver that they are suing herein in a different right, to wit, in joint right as equal copartners, from their several rights sued on in said other or appealed cause, and aver that this suit involves a different subject-matter, and involves as well a remedy which could not have been included in the other suit; and plaintiffs aver that said two causes of action are separate and distinct, that the said copartnership had no interest whatever in the subject-matter of said other suit, and that [his] suit involves certain issues not involved in the other."

Sustaining the demurrer to the first amended petition had no further office nor effect than declaring that pleading insufficient to support a cause of action. It left plaintiffs free to attempt another statement of their case. The ruling was not binding upon the trial court, and might have been departed from by it. In fact, if the basis of this ruling was split cause of action, it was so departed from, for the court refused to sustain a later motion for judgment on the pleadings as finally made up, although such motion and pleadings clearly presented the identical point. The demurrer ruling possessed none of these attributes of finality characterizing res adjudicata. Our conclusion is that there was no binding determination in the lower court that this suit was barred, because a single cause of action had been split, and that there was no such splitting of action.

[3] (b) Plaintiff in error urges that the record contains no substantial evidence that the fire was started by a locomotive, or that a loco-

motive passed the burned property near enough the time the fire was discovered to have been the cause thereof. A careful examination of a voluminous record reveals a decided conflict in the testimony upon those points. The jury would have been amply justified in finding in favor of defendant, but we cannot say that there was not substantial testimony to the contrary.

The judgment is affirmed.